E-FILED
Thursday, 07 August, 2014 03:27:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MAURICE ANTONIO WOODS,
    Plaintiff,

vs.                                        14-1209

C/O HITCHENS, et.al.,
    Defendants.

## MERIT REVIEW OPINION

    This cause is before the court for merit review of the Plaintiff's amended complaint. The initial complaint was dismissed because it did not include a statement of the Plaintiff's intended claims. *See* June 24, 2014 Text Order. The Plaintiff responded that correctional center staff failed to submit his entire complaint, so the revised complaint was filed as an amended complaint. *See* June 30, 2014 Text Order.

    The court is still required by §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff claims officers used excessive force against him on April 5, 2014. The court notes the Plaintiff filed his complaint approximately two months later on June 2, 2014. [1] In the portion of his complaint concerning exhaustion of administrative remedies, the Plaintiff has checked the box indicating he did file a grievance concerning the incident and claims the grievance process is complete. However, the Plaintiff also states he is "appealing CAO decision" and mailed his appeal to the Administrative Review Board on April 27, 2014.

    Inmates must complete the grievance procedure before filing a lawsuit because "[e]xhaustion is a 'precondition' to filing a suit." *Johnson v Hart*, 2011 WL 5509546 at 7 (N.D. Ill. Nov. 8, 2011) *citing Wilkinson v Dotson*, 544 U.S. 74, 84 (2005). The Seventh Circuit has noted "it is essential to keep the courthouse doors closed until [exhaustion] efforts have run their course." *Ford v.Johnson*, 362 F.3d 397, 398 (7th Cir. 2001). While the Plaintiff says he has completed the process, he admits he is waiting on a response to his appeal. The grievance procedures specifically state after an inmate appeals to the Administrative Review Board, the Director shall review the findings and recommendations of the board and make a final determination within six month after receipt of the grievance. 20 Ill. Admin. Code § 504.850(f). The process is not complete until the inmate has received a copy of the Director's decision. The inmate must allow the Director the full six months allotted in the grievance procedures to provide a response, but the Plaintiff waited a little more than a month to file his complaint.

1

Failure to exhaust is ground for summary dismissal of the complaint. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002); *Ester v Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001). While failing to exhaust is an affirmative defense, when that defense "is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002). Therefore, the Plaintiff's complaint is dismissed. When he completes the grievance procedure, he may file a new lawsuit and pay a new filing fee.

IT IS THEREFORE ORDERED that:

1) The Plaintiff's amended complaint is dismissed for failure to exhaust his administrative remedies as required pursuant to 42 U.S.C. §1997e(a). This case is closed.

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 7th day of August, 2014.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE